POLSTON, J.,
dissenting.
The proposed jury instructions are based in part on this Court’s decision in Hurst v. State, 202 So.3d 40 (Fla. 2016), petition for cert. filed, No. 16-998 (U.S. Feb. 13, 2017). Accordingly, because I continue to believe that the United States Constitution and the United States Supreme Court’s decision in Hurst v. Florida, — U.S.-, 136 S.Ct. 616, 193 L.Ed.2d 604 (2016), do not support this Court’s erroneous holding in Hurst v. State, I dissent. As Justice Canady cogently explained,
[contrary to the majority’s view, “each fact necessary to impose a sentence of death” that must be found by a jury is not equivalent to each determination necessary to impose a death sentence. The case law makes clear beyond any doubt that when the [United States Supreme] Court refers to “facts” in this context it denotes “elements” or their functional equivalent. And the case law also makes clear beyond any doubt that in the process for imposing a sentence of death, once the jury has found the element of an aggravator, no additional “facts” need be proved by the government to the jury. After an aggravator has been found, all the determinations necessary for the imposition of a death sentence fall outside the category of such “facts.”
Hurst v. State, 202 So.3d at 77 (Canady, J., dissenting).
*1239 Contrary to Justice Pariente’s assertion in her concurring opinion, I have not forgotten that the Florida Legislature was forced to address the majority’s erroneous ruling. And although I agreed in an earlier decision that chapter 2016-13, Laws of Florida, could be applied to pending prosecutions with jury instructions, there is nothing ironic about that. I agree that the Court should approve relevant instructions but through our normal committee process to address chapter 2017-1, Laws of Florida. Until that happens, I do not believe our trial courts are frozen and unable to function without hearing how to instruct a jury from this Court. They are better than that.
CANADY, J., concurs.
Attachment
3.12(e) JURY VERDICT FORM—DEATH PENALTY
We the iurv find as follows as to ('Defendant! in this case:
A.Aggravating Factors as to Count ;
We the iurv unanimously find that the State has established beyond a reasonable doubt the existence of (aggravating factor!
_YES_
NO

Repeat this step for each statutory aggravating factor submitted to the iurv.

If you answer YES to at least one of the aggravating factors listed, please proceed to Section B. If you answered NO to every aggravating factor listed. do not proceed to Section B: (Defendant) is not eligible for the death sentence and will be sentenced to life in prison without the possibility of parole.
B.Sufficiency of the Aggravating Factors as to Count :
Reviewing the aggravating factors that we unanimously found to be established bevond a reasonable doubt ^Section Ah we the iurv unanimously find that the aggravating factors are sufficient to warrant a possible sentence of death.
_YES_
NO
If von answer YES to Section B. please proceed to Section C. If vou answer NO to Section B. do not proceed to Section C: (Defendant! will be sentenced to life in prison without the possibility of parole.
C.Statutory Mitigating Circumstances:
We the iurv find that (statutory mitigating circumstance') was established by the greater weight of the evidence.
*1240 _YES
NO
If you answered YES above, please provide the jury vote as to the existence of (statutory mitigating circumstance).
VOTE OF TO

Reveal for each statutory mitisatins circumstance.

Please proceed to Section D, regardless of vour findings in Section C.
T). Eligibility for the Death Penalty for Count
Wc the iurv unanimously find that the aggravating factors that were proven beyond a reasonable doubt f Section A) outweigh the mitigating circumstances established fSection C above! as to Count
YES
NO
If you answered YES to Section D. please proceed to Section E. If you answered NO to Section D, do not proceed: ('Defendant! will be sentenced to life in prison without the possibility of parole.
E. Jury Verdict as to Death Penalty
Having unanimously found that at least one aggravating factor has been established hevond a reasonable doubt (Section AY that the a ggravating factors are sufficient to warrant a sentence of death (Section BY and the aggravating factors outweigh the mitigating circumstances (Section Dl we the iurv unanimously find that (Defendant) should be sentenced to death.
_YES_
NO
If NO. our vote to impose a sentence oflife is_to_..
If vour vote to impose death is less than unanimous, the trial court shall impose a sentence of life without the possibility of parole.
*1241 Dated this_day of_.20 .in_County, Florida.
(Signature of foreperson')
7.11 PRELIMINARY INSTRUCTIONS IN PENALTY PROCEEDINGS — CAPITAL CASES
§921.141, Fla. Stat.

This instruction is to be given immediately before the opening statements in the penalty phase of a death penalty case.

Give la at the beginning ofpenalty proceedings before a jury that did not try the issue ofguilt, Give bracketed language if the case has been remanded for a new penalty proceeding. See Hitchcock v. State, 673 So. 2d 859 (Fla. 1996). In addition, give the jury other appropriate general instructions.
1. a. Ladies-and-gentlemen Members of the jury, the defendant has been found guilty of_countlsl of Murder in the First Degree in a previous proceeding. [An appellate court has reviewed-and-affirmed the-defendant’s conv ictiomdEIo wevor-,-the appellate-court-sent thc case back to this court with-instructions that-the-defendant-is to haye a- new-trial to decide what-sentenee should be-imposed;] Consequently, you will not-concorn yourselyos-with- the question of fhisl fhcrl guilt. The only issue before you is to determine the appropriate sentence.

Give lb at the beginning ofpenalty proceedings before the jury that found the defendant guilty.

b. Ladies and gentlemen Members of the jury, you have found the defendant guilty of countfsl of Murder in the First Degree.

For murders committedpriorío before Mav 25, 1994, the penalties were different; Ihereforeffor-ermes-eemmitted before-4lmt-dater the following instruction paragraph should be modified to comply with the statute in effect at the time the crime was committed. If the jury inquires whether the defendant will

*1242 [[Image here]]
2. The punishment for this crime is either death or life imprisonment without the possibility of parole or death. The decision as to which punishment shall be imposed-reshts -wtth-the judge of-this-eou-r-t; howovorrthe-law-*cquiros that you; the jury,provide-an-advisory sentence as- to- which punishment should be imposed-upon-the defendant.

Give this instruction in all cases bef&re-talmg-cvidenca-in penalty1 proceedings.

The attorneys will now have an opportunity, if they wish, to make an onenimr statement. The opening statement gives the attorneys a chance to tell you what evidence they believe will be presented during the penalty phase of this trial. What the lawyers sav during opening statements is not evidence. and you are not to consider it as such. After the attorneys have had the opportunity to present their opening statements. theThe State and the defendant may now-present evidence relative to the nature of the crime and the defendant’s character, backgroundj or life of the-defendant. You are instructed that this evidence is presented in order for you to determine, as you will be instructed, til whether each aggravating factor is proven beyond a reasonable doubt: (2) whether one or more aggravating factors exist beyond a reasonable doubt: 131 whether the aggravating factors found to exist beyond a reasonable doubt are sufficient to justify the imposition of the death penalty; (4) whether mitigating circumstances are proven bv the greater weight of the evidence: 151 whether the aggravating factors outweigh the mitigating circumstances: and (IT) whether the defendant should be sentenced to life imprisonment without the possibility of parole or death. At the conclusion of the evidence and after argument of counsel, vou will be instructed on the law that will guide vour deliberations.
Give only-to-ihe-fmy-that-fouisd-tha deJendant-gu-iUyr this evidence-when-considered with-the-evidence you have- already-heard
Give only■ to-a-ne w-penalty-phasefury? this evidence
*1243 is presented in order that you might-determino, firsts whether sufficient aggravating circumstances exist that would justify the imposition of the death penalty andy-second-wdiether there are mitigating-oircmnstances-sufficienf to outweigh-the aggravating circumstances-,-if-any. At-the conclusien of the taking-of-the evidence-and after argumcnt-of counsel7-you mil be-instructod on the factors in aggravation and-mitigntion that yon may consider.

Give-after the-taicing-of evidence and argument?

It is now your-duty to adviso-the cnu-rt-as to-t-he punishmenf-tha t should be imposed upon the-defendant for-the crime of First Degree Murder. You must follow the law -that-will now be-given to you and provide an advisory sentence based upon-you-r determination as to whether-sufficient aggravating circumstances exist to justify the imposition of thc-donth pcnnlty-or whcthcr sufficient-mitigating circumstances exist that outweigh any aggravating circumstances found to exist. The definition of aggravating and-mitigatmg circumstances -will be-given to you in-a few moments. As you have been told, the final decision as-to-which punishment shall be-imposed is the:responsibility of the-judge. In this case, as the trial-judge, that responsibility w-iil-fali-on me. Howev-erythe law requires you to provide me with-a-n-advisory, sentence as to whieh-pnnishment should be imposed—life imprisonment without-the possibility of parole-or-the-death penalty:

Give only in oases where mitigation v¡as presmeted to the jury-by the defendant-avid not where-mitigatiaii was waived;■

Although the recommendation of the jury as to the ponalty-is-advisory in natu-re and is not binding, the jury-recommendation must be given great weight-and deference by the Court in determining w hich punishment to imposer

Give only to thefury-that-found-the-defcndant-guilty-.

¥our advisory-sentence should fee-based upon the evidence-of aggravating and mitigating-circumstances that yeu-hnvo heard w hile trying the gnilt-o-r innoconee-of the defendant and the evidence that has boon presented to you in these proceodingsr

Give-only to a-newpenaltyphase-jwyr

¥our advisory1 sentence should be based upon the evidence-of aggravating and mitigating-circumstanccs that has-been presented to you in these pro coodings.
*1244 [[Image here]]
It is up to you to decide which evidence is reliable. You-should uso your common-sense in deciding which is the best-evidence,-and which evidence should-not-be relied upon in considering your ver dict?--You may find some-o-f the evidence not reliable, or-less reliable-thnn other-evidence;-

Grodibiliiy-ofwiti'icsses-.

You-should consider how the witnessesacted^s-w-eh-as-what they said-.-Somo things you should-oonsidor-aref
1- Did the-witness-seem to have an opportunity-to see and know-the things about-which the witness testified?
2. Did the witness-seem to have-an-nccurato memory?
3. Was the witness honest and-st-r aightfo-rward in answering the attorneys’-questions?
A. Did the witness-have some interest-in how the case should be decided?
5r Did the-witness’ tostimony-agree-with the other -testimony and-other evidence in the-case-?
6- Had-the-witness boon offerod-or-received any-meney^ preferred treatment or-other benefit-in-order-to-got the witness to testify?
7. Had any-prossu-ro or threat-been-used-against-the-witness-that affected the-truth of the witness’ testimony?
8. Did the witness at some other time make a-statement that is inconsistent with the tostimony-ho or shc-gave-m-court?
9. Has the witness-been convicted of a felony- or-of-a-misdemeanor-involving"[dishenosty] [falscHstatementj-?
-⅛. Does the-witness have a general reputation for [dishonesty! [truthfulness}?
Law-cnfoi'ccmcnt-witness■■
*1245 The fact that ti witness is-employed- in law enforcement- docs no-t-moan that [his] [hcrj-tostimony desonces moro-or-less consider ation- than tha-t-o f sin}1 other witness.

Expert wit-mmes-.-

Expert-witnesses arc liko-othor witnesses with-ono-oxcoption—thelaw permits an expert witness to give an opinion. However, an export’s opinion is only reliable-when-given on a subject about which-yovi believe that person to bo an expert. Liko-othor witnesses; you may bolieve-or-disbelieve all or any part-ot-an expert’s testimony.

Aee@mptiee-s-6mel4nf(mnantST

¥ou-mast-eonsidcr the testimony of some witnesses with more caution than-others. For example; a w'itnesswho [claims to-have helped the-defendant commit a crime]- [has- been promised immunity from-prosecution] [hopes to gain more favorable treatment in his or her own ease] may have n reason to make a false statement in order-to-strike a good bargain with the State. This is particulnrly-trne-when-thereis-no-other-evidence-temding-to-agree-with-what the witness says about-the-defendant-.-So ⅛ while a w-itness-of that kind maydke entirely truthful-whon testifying; you should consider [his] [orj -[her]-tcstimony withmore eantion-than the testimony-of-ot-her wit-nesses.-

GhUd-wdtmmr

Y-ou-hav-e-hea-rd-tho-tostimonyof n child. No witness is-disqualifiodjust because of ngo.-Thoro is no proefee-age-that determines whot-her a witness may testify. The critical consideration is not the witness’s age, but whether-the witness understands the difference bet-ween-what-is-t-ruo and whut is-not-true, and-understands-the-duty to toll-the truth.

Give-oi4y4f-the-dcfendant did-not-tc-stify.

A defendant in a crimina-l-c-aso-has-aeonstitutionnlrightnot to testily at any-stage of t-he-proceedings: You must not draw-any-inference from-the fact that a defendant does not testify.

Give only if tiw-defendant testifi-edr

The defendant in this case-has-bccemc a -witness.—You should-apply the same rules to-considcrntion of [his] [her-j-tcstimony-that-you apply to-the testimony of the-other-witnesses-
*1246 [[Image here]]

Give in all-casos.

You may-rely upon your own conclusion about the credibility of any witness. A juror-may believe or disbelieve all or any-part-of the-evidence or-tho testimony of any-witnessr

Ruler,-for -deiibcratiorh

Those nre-somo general-rales-that apply-to your discussion. You must-follow these rules in order to rcturn-a-lawful recommendation:
t-You must follow the law as it is set out-in-theso instructions. If you fail to follow-the-kiw, yo ur-rocommendation-wiH be a-miscarringe-of justice. T-here is-no-reason for failing to follow-tfae-law in this-c-ase. -All of us are depending upon-you- te make-a-wise and legal decision in this muttort
2=-Your-recommendation must be decided-only-upon the evidence that you-have heard from the testimony of the^yitnesses, [have seen-in the form of-thc exhibits in evidence] and these instructions;
&-Your-recommcndation must not bo based upon the fact that you feel sorry for anyone, or are angry at anyone?
4-.-Remember^ the lawyers-arc not on trial. Your feelings about them should not influence your recommendation
&.-The-jnry-is-n&t-te-discuss any quostionjs] -that- [a juror] [jurors] wrote that-fwas] ■[werej not-ns-ked by the-court, and must not hold-that against-either party.-
(k-Your-recommondntion-should not-be-influenced by feelings of prejudice, or by-raeial or ethnic- bias, or by sympathy. Your-recommendation must be based on the evidence,-and on the law contained in these instructions.-
*1247 [[Image here]]
&—If you need to -communicate with-me-send a note-through the [court deputy] [bailiff], signed-by the-foreperson. If-youhave-questiens,-I will taBc-w-ith the attorneysbefore-I-amwers so it may take some time. You-mny continuo your deliberations while-you wait-for my answer; I will-answer any questions, ifj-can, in-writing or orally-here in opon court.
An aggravating eir-eumstancefactor is a standard to guide the jury in making the choice between the alternative recommendations recommending ef-life imprisonment without the possibility of parole or death. It is a statutorily enumerated circumstance whieh-that increases the gravity of a crime or the harm to a victim.
An-You must unanimously agree that each aggravating circumstance
factor must bowas proven beyond a reasonable doubt before it may be considered by you in arriving at your final recommendationverdict. In order to consider the death penalty as a possible penalty, you must determine that at least one aggravating circumstance factor has been proven beyond a reasonable doubt.
The State has the burden to prove each aggravating circumstance factor beyond a reasonable doubt. A reasonable doubt is not a mere possible doubt, a speculative, imaginary4 or forced doubt. Such a doubt must not influence you to disregard an aggravating circumstancofactor if you have an abiding conviction that it exists. On the other hand, if, after carefully considering, comparing, and weighing all the evidence, you do not have an abiding conviction that the aggravating circumstance factor exists, or if, having a *1248 conviction, it is one which is not stable but one which wavers and vacillates, then the aggravating circumstance factor has not been proved beyond every reasonable doubt and you must not consider it in providing vour an advisor-y sentence-verdict on the appropriate sentence to the court.

Give-only-to the jwy that found the-dofendant-gbiilty?

It is to the evidence-introduced-during the guilt phase-uf-this trial and in this proceedingy-and to it alone, that you are-to look for that-proof.

Give-only to -a-newpenalty-phase-jury?

It-is-to the-evidonce introduced durfflg-this proceedings nnd to it alone-,that you-aje to -look for that-proof.
A reasonable doubt as to the existence of an aggravating circumstauee factor may arise from the evidence, conflicts in the evidence, or the lack of evidence. If you have a reasonable doubt as to the existence of an aggravating circumstaacefactor. you should-must find that it does not exist. However, if you have no reasonable doubt, you should find that the aggravating circumstance factor does exist and give it-whatever weight you determine it should receive.
Before moving on to the mitigating circumstances, you must determine that the aggravating factors are sufficient to impose a sentence of death. If you do not unanimously agree that the aggravating factors are sufficient to impose death, do not move on to consider the mitigating circumstances.
[[Image here]]

Give-only those-aggravating-circumstances for which-evidmcc has-beert presented?

fc-The capital-felony was committed by a person-previously convicted of-n-felony-and [under sentence of imprisonment]-[on oommunity-c-ontrol] [on-feiony-probation].
⅛-Tho defcndant-was proviously-eonvictod of [another capital felony] [a felony involving the [use]-[-threat] of violence to the person];

Because the-ohameter-of a-orime if involving violence- -or-thraat of-vielenee-i-s-a-mattor-of law, when-tha -State offers-evidenee under-aggravating circumstance “2" the court shall instruet-ihe jwy of the following, as applicable:

*1249
Give 2a or 2b as-applicable.

⅜-The crimo-of-(previous crime) is a capital felony?
b?-The- crime of (previous ciáae)-is a felony involving the [use] [threat] o-f-violenco to another person-
£-The defendant knowingly created a greai-mk-of deathdo-many persons.
4-The capital-felony was-committed-whilethe defendant-was
[engaged]-
[an-accomplico]
te
[the commission-ei}
[an attempt to commit}
[flight after committing or attempting-to commit]

Check § 921.1'll(5)(d); Fla. Stat--for any change in list of off amos.

{robbery}?
[sexual battery].
[aggravated-child abuse].
[abuse of an elderly person or disabled adult-rosultingrn-great bodily harm, permanent disability-or-permanent disfigurement].
[arson].
{■bnrglaryjr
[kidnapping].
[aircraft piracy],
[unlawful throwing, placing or discharging of- a destructive device or bomb}?
⅜-The capital-felony was committed-for the purpose of avoiding or preventing a lnwftil-n-rrcst or effecting an escape from custody:
4-The capital-felony was committed for financial gain;
*1250 ⅞-The capital -felony was committed to disrupt or hinder the lawful cxorciso-of any governmental function or the enforcement of lawsv
&-The-capital felony was especially heinOusy atrocious or cruel-.-
“Hoinou-^’-inetHis oxtromely-wickcd or shockingly evik
“Atrocious’* means outrageously wicked-and vile;
“Cruel” means designed to inflict a high-degree of pain with utter in differ ence-to-y-or even-enjoyment of the suffering of others?
The kind of crime intended to be included as heinous-, atrocious, or cruel is one accompanied by additional acts that show that the crime was conscienceless or-pitilcss and-was unnecessarily torturous to the victim;
⅝-The capital-feleny-was a homicide and was committed in-a--cold? calculated, and premeditated manner^ without-any pretense of moral or
“Cold”-mcans the murder was the product of calm and-eoel reflection-
“Calculated’-’-means having-a careful plan or prearranged-design-to commit murder.
A killing is “premeditated’-if it-occ-urs after the defendant consciously decides to kill. The decision-must be present in the mind at the time of thc-killing. The law does not fix tho-oxoct-period oftime-that must-pass between the formation of-the premeditated-intent to Mll-and the-kfllings -The-poriod of time must-bo-long onough-to-allow roflection-by the dcfondanfe-The premeditated intent-to-lHH-must bo formed before thc-killing?
Howeveryin-arder for this-aggravating circumstance to applyr-a hoightcnedjevel of premeditation^ demonstrated by -a -substantial period of reflection,-is-required-
*1251 A “pretense of moral or legal justification” is any-claim of justification or excuse that,-though insufficient to reduce the degree of murder, nevertheless rebuts tho otherwise cold, calculated, or premeditated nature of-the murden
—Tho victim-of the-capital fclony-was-a law enforcement-officer engaged in the-performance of [his]-[her]-official duties.-
44—Thc-victim-of the capital-felony-was an elected or appointed public official engaged-in the performance of [his] [her] official duties, if the motive for the capital felony was related?in whole or ín part, to tho victim’s official-capacity.
4½—The victim of tho capital felony was a person less than 12 years of ager
44—The-victim- of the cap&ri-felonywas particularly vulnerable duo to advaac-ed-ago or disabilityyor-becnuse the defendant stood in a position affiamiiial-or-custodial authority over the victim.
W-tik4he -following aggrmating-factor, definitions as appropriate from § 87'1.03,-Mar-Staí:, -musí be-given? .
4-4—The capital felony was-committod by a cfiminal-street-gang member:
44—The capital-felony was-committed by a person dosignated-as-a-sexualpredatoror a person previously designated as-a- sexual predator who-had-tho sexual predator-designation removed.
44-The capital-felony was committed-by-a-person subject to
[a- domestic violence-injunction issued by-a-Florida judge], {-a-[repent-]-[sexual] [dating]-violenceinjunction issued by a Florida judge],
[a protoetion-order issued from [nnothcr-statc] [the District of Columbia] [an Indian tribejj-a-eommonwealthiterritory, or possession of the-United States]],
*1252 the-victim of-the capital felony iva» [the person] [a [spouse] [child] [sibling]- [parent]-of the person] who-obtnincd the [injunction] [protective order]-.-

Merging-aggravating factors-.'

Give the following-paragraph ifapplicabk-r-]¥he»4tisgivenry'ou-mus^ah& give ihe-jury-en't-examplc ■specifying-each potentialfy-duplieUeu&aggravating

circumstance. See Castro v. StateT-§97 So. 2d 259-{Fla-r-4-992f

The State may not rcly-upon n single aspcct-of-the-offcnso to establish-mo retfaanone-aggravatingcircumstanee ^-Thereto rerif-youfiBd-that two or more-oft-he aggrnvating-cireumstances are proven beyond a reasonable doubt-by a single aspeet-of the offense^ you are to consider that as-supporting only one aggravating circumstancoi-
If you find-the-aggrav-ating circumstances-do not justify" the death-penalty,-your advisory-sentence-should be one-of life-im-prisonmen t without-possibility of parole?

Mitigating eCircumstancesT-§-934-r-Pli{-6);FiavStat-¿

Should you find sufficient aggravating drcumstanees-factors do exist to justify recommending the imposition of the death penalty, it will then be your duty to determine whether the aggravating factors that you unanimously find to have been proven beyond a reasonable doubt outweigh the mitigating circumstances outweigh thoaggravating-drcumstanccs-that you find to esisthave been established. Unlike aggravating factors, you do not need to unanimously agree that a mitigating circumstance has been established.
A mitigating circumstance is not limited to the facts surrounding the crime. It can be anything in the life of the defendant which might indicate that the death penalty is not appropriate for the defendant. In other words, a mitigating circumstance may include any aspect of the defendant’s character, backgrounds^ or life or any circumstance of the offense that reasonably may indicate that the death penalty is not an appropriate sentence in this case.
A mitigating circumstance need not be provedn beyond a reasonable doubt by the defendant. A mitigating circumstance need only be provedn by the greater weight of the evidence, which means evidence that more likely than not tends to prove the existence of a mitigating circumstance. If you determine by the greater weight of the evidence that a mitigating circumstance exists, you may consider it established and give that evidence
*1253 such weight as you determine it should receive in reaching your conclusion as to the sentence to be imposed.
Among the mitigating-circumstances -you may consider are:

Give-mfy-those-miMgating oircumstaneesfer-whieh evtdenee-has-boen presented?

í:-The-defen-dant has no significant-history of prior-criminal activity.

If the- defendant offers-e-vidan ee- on ■ this circumsiame-andthe-St»ierm rebuttal, -&ffers-evkhnee--ef-olhcr-crimesT-eihe--give-the foUoMnng:

€eflvietion-of previous orime) is not-tin-aggravating circumstance-to-be co n s i de r ed-m-deter-minin g-th e-p en a I ty to bo imposed'on the defendant^ but a conviction of that crime may bo considered by the jur}7 in-determining whether-the defendant has a significant- history of prior criminal activityr
3r.-The capital felony was-eommittod w hile -the-defendant w ns under the influence of extreme-mental or emotional-disturbance.
&-The victim w'as a participant in the defendant- s -conduct or eonsen-ted-to-t-he-act;-
4=-The-defendant-was-an accomplice-in-the capital felony committed by another person and [his]-[hor] participation-was-relatively minor-r
&-The defendant actod-under extreme duress-or-undcr- the substantial domination-o-f-another person.
6;-The-c-apaciiy-of-the-dofcndnnt-to-appreciatc-the-eriminnlity-of-jhis] [her] conduct or-to confor-m-[his] [her] conduct to the^r-equirements of law-was- substantially- impaired-.
⅞-The -ago-of the defendant at tho-time-of the-crimo;-
&-The existence of nny-other-factors-in the defendant’s character, baclcground -or life,- o r the circurostances-of-the -offense that wo uld mitigate against the imposition of the death-penalty^-
1-f-one or more-aggravating circumstances-nre cstablishcd, you should consider all the evidence tending to cstablish-one or more-mitigating
*1254 circumstances and-give that evidence such weigh-t-as you determine it should rocoivo in-reaching your conclusion-as-to-the-sentence that-sho-uld bo imposed.-
¥ictim4mpact ovidanoa-.—6iva-l~,-&i‘1-2, or 3, or alias applicable? You have-hea-rdev-idence-about the impact of-this-homicide on the
1. family,
■2. friends,
3. community
of (dooedent^-This oyidonco-w'as-prcsented-to show the victim-s uniqueness as an indivldwal-and the resuItnnt-loss-by-{decedent’s)-doath:---Howovor, you may not considcr-this evidence as an aggravating-circumstance; Your rocommcndation-to-the-eourt must be based-on-the-aggravating circumstances and the mitigating circumstances upon which you have-been-instructed.

Rccommcndcd-sonteme? ■

The sentence that you recommend-must be based upon the facts as you find them from-the-evidenee-and- the law? ⅝-after-weighing-tho aggravating and mitigating-eircumstnnccs, you dotormino-that-at least-one aggravating circumstance is found to exist and -that-the-mitigating circumstances donot outweigh the aggravttting-cireuBHrtnncos, or, in-the absence-of-mitigating factorsy that-tho-aggravating factors alone are-snfficionVyou-may recommend that a sentence of death be imposed -rathor-t-han-a-sentoncc of life in-prison without the possibHity-of-pareife-Rogardless of your findings-in this respect, however-you-are neither compelled nor-required-to-r-eaemmend-a sentence-of death. Ifi on-thc-other-hand-,-ynu-dotcrmine that no aggravating circumstances-are-found-to-e-xisty or that the ■mitigating eirenmstanees ouiweigh-the-aggra-vatjng circumstancesror-rin-the-absence-of mitigating factors, that the aggravating-factors alone are not sufficient, you must-rccommend imposition of a sentence-of-iife-in-pr-isnn-without the possibiiity-of parole rather-than a-scntence-of-deathr
The-precoss ofwcighingnggravating-and-mitigating factors to determine-t-he proper punishment is-not-a-meeha-nieal process: The-law-contemplates-that-different factors may be givendifferent-w-eigfat or valuesby different jurors. In your decision-malHng-processyynu, and you alone, are to decide what-weight is to be given to a particular-factorr
*1255 In those pro ceedings4t-is-nol--peeessnry that the-advisory sentence of tho jury bo unanimousr
^e-faet-that-the-jurycan recomraend-a-sentence of life imprisonment or-death-in-this case-on-a-single ballot should not influence yon to act hastily o-r without duo regard to the gravity-of those proceodingSr-Beforo you ballot you-should carefully weigh, sift-and-consider the evidencerrealizing that human life is at stake, and bring your best judgment-to-bear in reachmg-your advisoiy sentence;
tt-a-majority-of-thc-jury, seven or-morc¡- doter«dne-tbat-(defendant) should be-sentenced to death, your adv-isory-sentence will be:
A-majority of the jury by a-vote-of.. , to ndvise-and-recommondto-the-court that it impose the death penalty upon (defendant).
Qn-the other handj if by-si-s-or-more votes the jury-determines that (defendant) should-not-be-sentenced to death, your advisory scntonce will- be:
The jury-adviscs-and recommends -to-the court that it impose-a- sentence of life imprisonment upon (defendant) without-pessibility-of parole.
When-yeudioy-c-reached an- advisoiy scntoncoin-confermity-wiih-t-hosc instructions-,-that form of recommendation-should-be-signed-by-your foreperson, dated with today’s date and returned to-the court. Ther-e-ismo-set time-fo-r-a-jury to reach a verdict. Sometimes it-enly-tnlses-a-fcw minutes; Qther-timcs-it takes hours oreven-days; It all doponds-upon-tho complexity of ■the case» the issues myo-lvefl-and the-mafeewp-of-the individual j ury You should-take-suffieicnt time to fairly discuss- the evidence and-a-rrive-at-a-well reasoned recommendationr
¥ou will now retire to c-onsiderynur recommepdat-ion-as-to the-penalty to be imposed upon-tho-defendant.
Comment
Tliis instruction was adopted in 1981 and amended in 1985 [477 So. 2d 985], 1989 [543 So. 2d 1205], 1991 [579 So. 2d 75], 1992 [603 So. 2d 1175], 1994 [639 So. 2d 602], 1995 [665 So. 2d 212], 1996 [678 So. 2d 1224], 1997 [690 So. 2d *1256 1263], 1998 [723 So. 2d 123], 2009 [22 So. 3d 17], and 2014 1146 So. 3d 11101. and 2017.
7.11 (al FINAL INSTRUCTIONS IN PENALTY PROCEEDINGS — CAPITAL CASES
■ $921.141. Fla. Stat.

This instruction should be given after the closing arguments in the penalty phase of a death penalty trial.

Members of the jury, you have heard all the evidence and the argument of counsel. It is now vour duty to make a decision as to the appropriate sentence that should be imposed upon the defendant for the crime of First Degree Mnrder. There are two possible punishments: til life imprisonment without the possibility of parole, or (2) death.
Tn making vour decision, you must first unanimously determine whether the aggravating factorfsl alleged bv the State fhasl [have! been proven beyond a reasonable doubt. An aggravating factor is a circumstance that increases the gravity of a crime or the harm to a victim. No facts other than proven aggravating factors may be considered in support of a death sentence.
Aggravating factors. £ 921.141Í6). Fla. Stat.
The aggravating factorisl alleged bv the State iisl fare!:

Give only those aggravating factors noticed bv the State which are supported bv the evidence.

1. (Defendant! was previously convicted of a felony and funder sentence of imprisonment! Ton community control! Ton felony probation!.
2. (Defendant! was previously convicted of [another capital felony! fa felony involving the fusel [threat! of violence to another person!.

Give 2a or 2b as applicable.

a. The crime of fprevious crime') is a capital felony.
*1257 b. The crime of (previous crime") is a felony involving the fusel rthreatl of violence to another person.
3. (Defendant) knowingly created a great risk of death to many persons.
4. The First Degree Murder was committed while (’defendant) was lengagedl Tan accomplice! in fthe commission ofl fan attempt to commitl Tflight after committing or attempting to commitl
any
[robbery!.
[sexual battervl.
[aggravated child abuse!.
[abuse of an elderly person or disabled adult resulting ⅛ great bodily harm, permanent disability, or permanent disfigurementl.
[arsonl.
[burglarvl.
[kidnapping!.
[aircraft piracy!.
[unlawful throwing, placing or discharging of a destructive device or bomb].

Check 921.141 (6)(d). Fla. Stat. for any change in list of offenses.

5. The First Degree Murder was committed for the purpose of avoiding or preventing a lawful arrest or effecting an escape from custody.
6. The First Degree Murder was committed for financial gain.
7. The First Degree Murder was committed to disrupt or hinder the lawful exercise of any governmental function or the enforcement of laws.
8.The First Degree Murder was especially heinous, atrocious or cruel.
Heinous” means extremely wicked or shockingly evil.
*1258 “Atrocious” means outrageously wicked and vile.
“Cruel” means designed to inflict a high degree of pain with utter indifference to, or even enjoyment of. the suffering of others.
The kind of crime intended to be included as especially heinous, atrocious, or cruel is one accompanied bv additional acts that show that the crime was conscienceless or pitiless and was unnecessarily torturous to ('decedent').
9. The First Degree Murder was committed in a cold, calculated. and premeditated manner, without any pretense of moral or legal justification.
“Cold” means the murder was the product of calm and cool reflection.
“Calculated” means having a careful plan or prearranged design to commit murder.
A killing is “premeditated” if it occurs after the defendant consciously decides to kill. The decision must be present in the mind at the time of the killing. The law does not fix the exact period of time that must pass between the formation of the premeditated intent to kill and the killing. The period of time must be long enough to allow reflection bv the defendant. The premeditated intent to lull must be formed before the killing.
However, in order for this aggravating factor to apply, a heightened level of premeditation, demonstrated bv a substantial period of reflection, is required.
A “pretense of moral or legal justification” is anv claim of justification or excuse that, though insufficient to reduce the degree of murder, nevertheless rebuts the otherwise cold. calculated, or premeditated nature of the murder.
10. (Decedent1) was a law enforcement officer engaged in the performance of fhisl fherl official duties.
*1259 11. ('Decedent') was an elected or appointed public official engaged in the performance of fhisl fherl official duties, if the motive for the First Degree Murder was related, in whole or in part, to ('decedent’s') official capacity.
12. ('Decedent) was a person less than 12 years of age.
13. (Decedent) was particularly vulnerable due to advanced age or disability, or because (defendant) stood in a position of familial or custodial authority over f decedent).
With the following assravatins factor, definitions as avvrovriate from £ 874.03. Fla. Stat. must he given.
14. The First Degree Murder was committed bv a criminal street gang member.
15. The First Degree Murder was committed bv a person designated as a sexual predator or a person previously designated as a sexual predator who had the sexual predator designation removed-
le. The First Degree Murder was committed bv a person subject to
la domestic violence injunction issued bv a Florida indgel. la [repeat! Isexuall fdatingl violence injunction issued bv a Florida judge! . fa protection order issued from fanother statcl fthe District of Columbia! fan Indian tribel fa commonwealth, territory, or possession of the United Statesll,
and
the victim of the First Degree Murder was fthe person! fa fspousel fchildl fsiblingl fparentl of the person! who obtained the finiunctionl fprotective order!.

Give in all cases.

As explained before the presentation of evidence, the State has the burden to prove an aggravating factor beyond a reasonable doubt. A reasonable doubt is not a mere possible doubt, a speculative, imaginary, or
*1260 forced doubt. Such a doubt must not influence vow to disregard an aggravating factor if vou have an abiding conviction that it exists. On the other hand, if. after carefully considering, comparing, and weighing all the evidence, vou do not have an abiding conviction that the aggravating factor exists, or if. having a conviction, it is one which is not stable bnt one which waivers and vacillates, then the aggravating factor has not been proved beyond every reasonable doubt and vou must not consider it in providing a verdict.
A reasonable doubt as to the existence of an aggravating factor may arise from the evidence, a conflict in the evidence, or the lack of evidence. If vou have a reasonable doubt as to the existence of an aggravating factor, vou must find that it does not exist. However, if vou have no reasonable doubt, vou should find the aggravating factor does exist.
A finding that an aggravating factor exists must be unanimous, that is. all of vou must agree that each presented aggravating factor exists. You will be provided a form to make this finding fas to each alleged aggravating factorl and vou should indicate whether or not vou find fthel feachl aggravating factor has been proven beyond a reasonable doubt.
If vou do not unanimously find that at least one aggravating factor was proven bv the State, then the defendant is not eligible for the death penalty. and your verdict must be for a sentence of life imprisonment without the possibility tor parole. At such point, vour deliberations are complete.
If. however, vou unanimously find that lone or morel fthel aggravating factorfsl fhasl fhavel been proven beyond a reasonable doubt, then the defendant is eligible for the death penalty, and vou must make additional findings to determine whether the appropriate sentence to be imposed is life imprisonment without the possibility of parole or death.
Mitigating circumstances. ft 921.141Í7). Fla. Slat.
If vou do unanimously find the existence of at least one aggravating factor and that the aggravating factorfsl íisl iarel sufficient to impose a sentence of death, the next step in the process is for vou to determine whether any mitigating circumstances exist. A mitigating circumstance can be anything in the life of the defendant which might indicate that the death penalty is not appropriate. It is not limited to the facts surrounding the crime. A mitigating circumstance may include any aspect of the defendant’s *1261 character, background, or life or any circumstance of the offense that may reasonably indicate that the death penalty is not an appropriate sentence in this case.
Among the mitigating circnmstances you may consider are: Give only those mitisatins circumstances for which evidence has been presented.
1. (Defendant) has no significant history of prior criminal activity.

If the defendant offers evidence on this circumstance and the State, in rebuttal, offers evidence of other crimes, also give the following:

Conviction of (previous crime~) is not an aggravating factor to be considered in determining the penalty to be imposed on the defendant, but a conviction of that crime may be considered by the jury in determining whether the defendant has a significant history of prior criminal activity.
2. The First Degree Murder was committed while (defendant was under the influence of extreme mental or emotional disturbance.
3. ('Decedent-) was a participant in ('defendant’s') conduct or consented to the act.
4. fDefendanf) was an accomplice in the First Degree Murder committed by another person and fhisl Iherl participation was relatively minor.
5. (Defendant) acted under extreme duress or under the substantial domination of another person.
6. The capacity of fdefendanf) to appreciate the criminality of fhisl iherl conduct or to conform ihisl iherl conduct to the requirements of law was substantially impaired.
7. (Defendant’s') age at the time of the crime.

The iudse should also instruct an any additional mitigating circumstances as requested.

8. The existence of any other factors in (defendant’s-) character-background. or life or the circumstances of the offense that would mitigate against the imposition of the death penalty.
*1262 It is the defendant’s burden to prove that mitigating circumstances exist. As explained before these proceedings, the defendant need only establish a mitigating circumstance bv the greater weight of the evidence, which means evidence that more likely than not tends to establish the existence of a mitigating circumstance. If you determine bv the greater weight of the evidence that a mitigating circumstance exists, von must consider it established and giye that evidence such Aveight as you determine it should receive in reaching your verdict about the appropriate sentence to be imposed. Anv juror persuaded as to the existence of a mitigating circumstance must consider it in this case. Further, anv juror mav consider a mitigating circumstance found bv another juror, even if he or she did not find that factor to be mitigating.
Your decision regarding the appropriate sentence should be based upon proven aggravating factors and established mitigating circumstances that have been presented to you during these proceedings. You will nosv engage in a weighing process.
Merging aggravating factors. Give the following paragraph if applicable. For example, the aggravating circumstances that l) the murder was committed during the course of a robbery and 2) the murder was committed for financial gain, relate to the .same aspect alike offense and may he considered us only a single aggravating circumstance. Castro v. State. 597So. 2d 259 (Ida. 1992).
Pursuant to Florida law, the aggravating factors of (insert aggravating laclar) and (insert aggravating factor) are considered to merge because they are considered to be a single aspect of the offense. If you unanimously determine that the aggravating factors of (insert aggravating factor) and (insert aggravating factor) have both been proven beyond a reasonable doubt, vour findings should indicate that both aggravating factors exist, but you must consider them as only one aggravating factor during the weighing process that i am about to explain to you.
You must weigh all of the following:
a. Whether the aggravating factorial found to exist iisl [arel sufficient to justify the death penalty.
h. Whether the aggravating factorfsl outweighisl anv mitigating circumstancefsl found to exist, and
c. Based on ail of the considerations pursuant to these instructions. whether the defendant should be sentenced to life imprisonment
*1263 without the possibility of parole or death.
The process of weighing aggravating factors and mitigating circumstances is not a mechanical or mathematical process. In other words. you should not merely total the number of aggravating factors and compare that number to the total number of mitigating circumstances. The law contemplates that different factors or circumstances may be given different weight or values bv different jurors. Therefore, in vour decision-making process, each individual juror must decide what weight is to be given to a particular factor or circumstance. Regardless of the results of each juror’s individual weighing process—even if you find that the sufficient aggravators outweigh the mitigators—the law neither compels nor requires you to determine that the defendant should he sentenced to death.
Once each juror has weighed the proven factors, he or she must determine the appropriate punishment for the defendant. The jury’s decision regarding the appropriate sentence must be unanimous if death is to be imposed. To repeat what I have said, if vour verdict is that the defendant should be sentenced to death, vour finding that each aggravating factor exists must be unanimous, vour finding that the aggravating factors are sufficient to impose death must be unanimous, and vour finding that the aggravating factortsl found to exist outw eigh the established mitigating circumstances must be unanimous, and vour decision if to impose a sentence of death must be unanimous.
You will be provided a form to reflect vour findings and decision regarding the appropriate sentence. If vour vote on the appropriate sentence is less than unanimous, the defendant will be sentenced to life in prison without the possibility of parole.
The fact that the jury can make its decision on a single ballot should not influence you to act hastily or without due regard to the gravity of these proceedings. Before you vote, you should carefully consider and weigh the evidence, realizing that a human life is at stake, and bring vour best judgment to bear in reaching vour verdict.

Weiehine the evidence.

When considering aggravating factors and mitigating circumstances, it is up to vou to decide which evidence is reliable. You should use vour common sense in deciding which is the best evidence and which evidence should not be *1264 relied upon in malting vonr decision as to what sentence should be imposed. You may find some of the evidence not reliable, or less reliable than other evidence.
You should consider how the witnesses acted, as well as what they said. Some things vou should consider are:
1. Did the witness seem to have an opportunity to see and know the things about which the witness testified?
2. Did the witness seem to have an accurate memory?
3. Was the witness honest and straightforward in answering the attorneys’ questions?
4.Did the witness have some interest in how the case should be decided?
5.Did the witness’s testimony agree with the other testimony and other evidence in the case?

Give as applicable¡

6. Had the witness been offered or received any money, preferred treatment or other benefit in order to get the witness to testify?
7. Had any pressure or threat been used against the witness that affected the truth of the witness’s testimony?
8. Did the witness at some other time make a statement that is inconsistent with the testimony he or she gave in court?
9. Has the witness been convicted of a felony or of a misdemeanor involving [dishonesty! ifalse statement!?
10. Does the witness have a general renutation for fdishonestvl Ttruthfulnessl?

Law enforcement witness.

*1265 The fact that a witness is employed in law enforcement does not mean that fhisl fherl testimony deserves more or less consideration than that of anv other witness.

Expert witnesses.

Expert witnesses are like other witnesses with one exception—the law permits an expert witness to give an opinion. However, an expert’s opinion is only reliable when láven on a subject about which you believe that person to be an expert. Like other witnesses, vou mav believe or disbelieve all or anv part of an expert’s testimony.

Accomplices and Informants.

You must consider the testimony of some witnesses with more caution than others. For example, a witness who [claims to have helped the defendant commit a crime! [has been promised immunity from prosecutionl fhopes to gain more favorable treatment in his or her own easel mav have a reason to make a false statement in order to strike a good bargain with the State. This is particularly true when there is no other evidence tending to agree with what the witness savs about the defendant. So. while a witness of that kind mav be entirely truthful when testifying, vou should consider [hisl iherl testimony with more caution than the testimony of other witnesses.

Child witness.

You have heard the testimony of a child. No witness is disqualified iust because of age. There is no precise age that determines whether a witness mav testify. The critical consideration is not the witness’s age, but whether the witness understands the difference between what is true and what is not true. and understands the duty to tell the truth.

Give only if the defendant testified.

The defendant in this case has become a witness. You should apply the same rules to consideration of fhisl Iherl testimony that vou apply to the testimony of the other witnesses.

Witness talked to lawyer.

It is entirely proper for a lawyer to talk to a witness about what testimony the witness would give if called to the courtroom. The witness should not be discredited bv talking to a lawyer about fhisl fherl testimony.

Give in all cases.

*1266 You may rely upon vour own conclusion about the credibility of any witness. A juror may believe or disbelieve all or any part of the evidence or the testimony of any witness.

Give only if the defendant did not testify.

The defendant exercised a fundamental right bv choosing not to be a witness in this case. You must not be influenced in any wav bv fhisl fherl decision. No juror should ever be concerned that the defendant did or did not take the witness stand to give testimony in the case.

Rules for deliberation,

These are some general rules that apply to vour discussions. You must follow these rules in order to make a lawful decision.
1. You must follow' the law as it is set out in these instructions. If you fail to follow' the law, vour decisions will be a miscarriage of justice. There is no reason for failing to follow the law in this case. All of us are depending upon you to make wise and legal decisions in this matter.
2. Your decisions must be based only upon the evidence that you have heard from the testimony of the witnesses. Ihave seen in the form of the exhibits in evidenced and these instructions.
3. Your decisions must not be based upon the fact that you feel sorry for anyone or are angrv at anyone.
4. Remember, the lawyers are not on trial. Your feelings about them should not influence vour decisions.

Give #5 if applicable.

5. The jury is not to discuss any questionfsl that la juror! fiurorsl wrote that fwasl Twerel not asked bv the Court, and must not hold that against either party.
6. Your decisions should not be influenced bv feelings of prejudice, racial or ethnic bias, or sympathy. Your decisions must be based on the evidence and the law contained in these instructions.

Viclim-inwacl evidence.

*1267 You have heard evidence about the impact of this murder on the rfamilvl Tfriendsl [community] of (decedent). This evidence was presented to show the victim’s uniqueness as an individual and the resultant loss bv (decedent’s') death. However, vou may not consider this evidence as an aggravating factor. Your decisions must be based on the aggravating factorisl. the mitigating circumstancefsl, and the weighing process upon which vou have been instructed.

Submitting case to jurors.

In just a few moments vou will be taken to the iurv room bv the [court deputvl fbailiffl. When vou have reached decisions in conformity with these instructions, the appropriate formfsl should be signed and dated bv vour foreperson.
During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the iurv room. You are not to communicate with anv person outside the jury about this case, and vou must not talk about this case in person or through the telephone, writing. or electronic communication, such as a blog. Twitter, e-mail, text message, or anv other means.

Give if mdse has allowed jurors to keen their electronic devices during the penalty phase.

Many of vou may have cell phones, tablets, laptops, or other electronic devices here in the courtroom. The rules do not allow vou to bring vour phones or anv of those types of electronic devices into the iurv room. Kindly leave those devices on vour seats where they will be guarded bv the fcourt deputvl fbailiffl while vou deliberate.
Do not contact anyone to assist vou during deliberations. These communications rules apply until I discharge vou at the end of the case. If vou become aware of any violation of these instructions or anv other instruction I have given in this case, vou must tell me bv giving a note to the [court deputvl fbailiffl.

Give if applicable.

During this trial. Tan item! fitemsl [wasl [were! received into evidence as fan! exhibitfsl. You may examine whatever exhibit^! vou think w ill help vou in vour deliberations.

*1268
Give aorb as avvrovriate.

a. Thelsel exhibits! will be sent into the jury" room with vou when vou begin to deliberate.
b. If von wish to see anivl exhibit [si. please request that in writing.
I cannot participate in your deliberations in any wav. Please disregard anything I may have said or done that made vou think I preferred one derision over another. If von need to communicate with me. send a note through the fcourt deputy] fbailiffl. signed bv the foreperson. If vou have questions. I will talk with the attorneys before I answer, so it may take some time. You may continue vour deliberations while vou wait for my answer. I will answer any questions, if I can, in writing or orally here in open court.
Tn closing, let me remind vou that it is important that vou follow the law spelled out in these instructions. There are no other laws that apply to this case. Even if vou do not like the law's that must be applied, vou must use them. For more than two centuries we have lived bv the constitution and the law. No juror has the right to violate rules we all share.
Comment
This instruction was adopted in 2017.
7.12 DIALOGUE FOR POLLING THE JURY (DEATH PENALTY CASE!
Ladies and gentlemen-Members of the jury, we are going to ask each of you individually concerning the advisory sontonceabout the verdictfsl that vou have just heard. It is not necessary that you state how you personally voted-or-how anv-othor person voted: but onlv-if the advisory sontenceThe questionlsl pertain to whether the verdicts!. as read bv the clerk, fwasl Iwerel correctly stated.

The following question is tobe asked of each juror if the rocommendalionverdict is for the death penalty:

Do you74Mr.1 [Ms.1...—- - ; agree nnd confirm that a majority of tho-juiy-join in the advisor)' scntcnco-t-hat-you-have-just heard *1269 r-eaddbv-the clerk? Do you, (name of iurori) 1 fiuror number (number of furor)). agree that each of the findings in the verdict form is yours?

The following question is to be asked of each juror if the racommandationverdict is for a life sentence:

Do you, [MrJ [Ms.l —---.-. (name of iurori) 1 fiuror
number (.number of juror)). agree and confirm that at least six or more one member of the jury join in the advisory-sentence that you have-just-heard read by tho clorkvoted for a sentence of life imprisonment without the possibility of parole?
Comment
This instruction was adopted in 1981 and was amended in 1997 and 2017.