PER CURIAM.
The Committee on Standard Jury Instructions in Criminal Cases (the Committee) has proposed for our consideration several changes to the existing instructions on penalty proceedings in capital cases. We accept and adopt the Committee’s recommended changes which are shown in the appendix attached to this opinion. We also accept the Committee’s recommendation by separate letter to delete the following “Note to Judge” which appears on pages 1264, 1267-68, and 1268-69 of the attached appendix: *1264 Because a capital defendant is ineligible for parole regardless of the status of the victim, we agree with the Committee that there is no need to retain the above “Note to Judge.”
*1263 When the victim is a law enforcement officer, correctional officer, state attorney, assistant state attorney, justice, or judge, “eligibility for release” should be inserted in place of “possibility of parole.” See F.S. 775.0823.
*1264 We commend the Committee for its diligence and thoroughness, and we authorize the publication and use of these instructions. In doing so, we express no opinion on the correctness of these instructions and remind all interested parties that this approval forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the new instructions.
Accordingly, the new instructions are appended to this opinion and will be effective on the date this opinion is filed. The new language is indicated by underscoring; deletions are indicated by strike-through type.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
APPENDIX
PENALTY PROCEEDINGS — CAPITAL CASES F.S. 921.141
Note to Judge Give la at the beginning of penalty proceedings before a jury that did not try the issue of guilt. Give bracketed language if the case has been remanded by the supreme court for a new penalty proceeding. See Hitchcock v. State, 21 Florida Law Weekly S139 (1996). In addition, give the jury other appropriate general instructions.
1. a. Ladies and gentlemen of the jury, the defendant has been found guilty of (crime charged) Murder in the First Degree. [An appellate court has reviewed and affirmed the defendant’s conviction. However, the appellate court sent the case back to this court with instructions that the defendant is to have a new trial to decide what sentence should be imposed.] Consequently, you will not concern yourselves with the question of [his] [her] guilt.
Note to Judge Give lb at beginning of penalty proceedings before the jury that found the defendant guilty.
b. Ladies and gentlemen of the jury, you have found the defendant guilty of (crime charged)Murder in the First Degree.
2. The punishment for this crime is either death or life imprisonment without the possibility of parole. Final decision as to what punishment shall be imposed rests solely with the judge of this court; however, the law requires that you, the jury, render to the court an advisory sentence as to what punishment should be imposed upon the defendant.
Note to judge For murders committed prior to May 25, 1994, the penalties were somewhat different; therefore, for crimes committed before that date, this instruction should be modified to comply with the statute in effect at the time the crime was committed.
■Note-to-judge When the victim is a law enforcement-officer^-correctional officer, state attorney-,-assistant-state attorney, justice, or-judge-“eligifoility for release” should be-inserted-in place of “possibility of-parole,” — See F.S. 775.0823.
Note to Judge Give in all cases before taking evidence in penalty proceedings.
The State and the defendant may now present evidence relative to the nature of the crime and the character of the defendant. You are *1265 instructed that [this evidence when considered with the evidence you have already heard] [this evidence] is presented in order that you might determine, first, whether sufficient aggravating circumstances exist that would justify the imposition of the death penalty and, second, whether there are mitigating circumstances sufficient to outweigh the aggravating circumstances, if any. At the conclusion of the taking of the evidence and after argument of counsel, you will be instructed on the factors in aggravation and mitigation that you may consider.
Note to Judge Give after the taking of evidence and argument.
Ladies and gentlemen of the jury, it is now your duty to advise the court as to what punishment should be imposed upon the defendant for [his] [her] crime of (crime-^aarge4)Murder in the First Degree. As you have been told, the final decision as to what punishment shall be imposed is the responsibility of the judge; however, it is your duty to follow the law that will now be given you by the court and render to the court an advisory sentence based upon your determination as to whether sufficient aggravating circumstances exist to justify the imposition of the death penalty and whether sufficient mitigating circumstances exist to outweigh any aggravating circumstances found to exist.
Your advisory sentence should be based upon the evidence [that you have heard while trying the guilt or innocence of the defendant and evidence that has been presented to you in these proceedings] [that has been presented to you in these proceedings].
F.S. 921.141(5) The aggravating circumstances that you may consider are limited to any of the following that are established by the evidence:
Note to Judge Give only those aggravating circumstances for which evidence has been presented.
1. The crime for which (defendant) is to be sentenced was committed while [he] [she] had been previously convicted of a felony and [was under sentence of imprisonment] [or] [was placed on community control] [or] [was on felony probation];
2. The defendant has been previously convicted of another capital offense or of a felony involving the [use] [threat] of violence to some person;
Note to Judge Since the character of a crime if involving violence or threat of violence is a matter of law, when the State offers evidence under aggravating circumstance “2” the court should instruct the jury of the following, as applicable:
Give a or b as applicable
a. The crime of (previous crime) is a capital felony;
b. The crime of (previous crime) is a felony involving the [use] [threat] of violence to another person;
3. The defendant, in committing the crime for which [he] [she] is to be sentenced, knowingly created a great risk of death to many persons;
4. The crime for which the defendant is to be sentenced was committed while [he] [she] was
*1266 [engaged]
[an accomplice]
in
[the commission of]
[an attempt to commit]
[flight after committing or attempting to commit]
the crime of
Cheek F.S. 921.141(5)(d) for any change in list of offenses
[robbery]
[sexual battery]
[aggravated child abuse]
[abuse of an elderly person or disabled adult
resulting in great bodily harm, permanent
disability, or permanent disfigurement]
[arson]
[burglary]
[kidnapping]
[aircraft piracy]
[the unlawful throwing, placing or discharging of a destructive device or bomb];
5. The crime for which the defendant is to be sentenced was committed for the purpose of avoiding or preventing a lawful arrest or effecting an escape from custody;
6. The crime for which the defendant is to be sentenced was committed for financial gain;
7. The crime for which the defendant is to be sentenced was committed to disrupt or hinder the lawful exercise of any governmental function or the enforcement of laws;
8. The crime for which the defendant is to be sentenced was especially heinous, atrocious or cruel. “Heinous” means extremely wicked or shockingly evil. “Atrocious” means outrageously wicked and vile. “Cruel” means designed to inflict a high degree of pain with utter indifference to, or even enjoyment of, the suffering of others. The kind of crime intended to be included as heinous, atrocious, or cruel is one accompanied by additional acts that show that the crime was conscienceless or pitiless and was unnecessarily torturous to the victim.
9. The crime for which the defendant is to be sentenced was committed in a cold and calculated and premeditated manner, and without any pretense of moral or legal justification.
“Cold” means the murder was the product of calm and cool reflection.
“Calculated” means having a careful plan or prearranged design to commit murder.
[As I have previously defined for you] a killing is “premeditated” if it occurs after the defendant consciously decides to kill. The decision must be present in the mind at the time of the killing. The law does not fix the exact period of time that must pass between the formation of the premeditated intent to kill and *1267 the killing. The period of time must be long enough to allow reflection by the defendant. The premeditated intent to kill must be formed before the killing.
However, in order for this aggravating circumstance to apply, a heightened level of premeditation, demonstrated by a substantial period of reflection, is required.
A “pretense of moral or legal justification” is any claim of justification or excuse that, though insufficient to reduce the degree of murder, nevertheless rebuts the otherwise cold, calculated or premeditated nature of the murder.
10. The victim of the crime for which defendant is to be sentenced was a law enforcement officer engaged in the performance of the officer’s official duties.
11. The victim of the crime for which the defendant is to be sentenced was an elected or appointed public official engaged in the performance of [his] [her] official duties and the crime was related, in whole or in part, to the victim’s official capacity.
12. The victim of the capital felony was a person less than 12 years of age-
13. The victim of the capital felony was particularly vulnerable due to advanced age or disability, or because the defendant stood in a position of familial or custodial authority over the victim.
Note to Judge With the following aggravating factor, definitions as appropriate from F.S. 874.03 must be given.
14.The capital felony was committed by a criminal street gang member.
Merging , Aggravating Factors Give the following paragraph if applicable. When it is given, you must also give the jury an example specifying each potentially duplicitous aggravating circumstance. See Castro v. State, 596 So.2d 259 (Fla.1992).
The State may not rely upon a single aspect of the offense to establish more than one aggravating circumstance. Therefore, if you find that two or more of the aggravating circumstances are proven beyond a reasonable doubt by a single aspect of the offense, you are to consider that as supporting only one aggravating circumstance.
If you find the aggravating circumstances do not justify the death penalty, your advisory sentence should be one of life imprisonment without possibility of parole.
Note to Judge When the victim is a law enforcement officer-, correctional officer, state attorney- assistant-state-attorney, justice, or judge, “eligibility for release-should-be inserted in plaee-of “possibility of parole.” — See F.S. 775.0823,
F.S. 921.141(6) Should you find sufficient aggravating circumstances do exist, it will then be your duty to determine whether mitigating circumstances exist that outweigh the aggravating circumstances. Among the mitigating circumstances you may consider, if established by the evidence, are:
Note to Judge Give only those mitigating circumstances for which evidence has been presented.
*1268 1. (Defendant) has no significant history of prior criminal activity;
Note to Judge If the defendant offers evidence on this circumstance and the State, in rebuttal, offers evidence of other crimes, also give the following:
Conviction of (previous crime) is not an aggravating circumstance to be considered in determining the penalty to be imposed on the defendant, but a conviction of that crime may be considered by the jury in determining whether the defendant has a significant history of prior criminal activity.
2. The crime for which the defendant is to be sentenced was committed while [he] [she] was under the influence of extreme mental or emotional disturbance;
3. The victim was a participant in the defendant’s conduct or consented to the act;
4. The defendant was an accomplice in the offense for which [he] [she] is to be sentenced but the offense was committed by another person and the defendant’s participation was relatively minor;
5. The defendant acted under extreme duress or under the substantial domination of another person;
6. The capacity of the defendant to appreciate the criminality of [his] [her] conduct or to conform [his] [her] conduct to the requirements of law was substantially impaired;
7. The age of the defendant at the time of the crime;
Both 8(a) and 8(b) must be given unless the defendant requests otherwise.
8. Any of the following circumstances that would mitigate against the imposition of the death penalty:
a. Any [other] aspect of the defendant’s character, or record, or background, and
b. Any other circumstance of the offense.
Each aggravating circumstance must be established beyond a reasonable doubt before it may be considered by you in arriving at your decision.
If one or more aggravating circumstances are established, you should consider all the evidence tending to establish one or more mitigating circumstances and give that evidence such weight as you feel it should receive in reaching your conclusion as to the sentence that should be imposed.
A mitigating circumstance need not be proved beyond a reasonable doubt by the defendant. If you are reasonably convinced that a mitigating circumstance exists, you may consider it as established.
The sentence that you recommend to the court must be based upon the facts as you find them from the evidence and the law. You should weigh the aggravating circumstances against the mitigating circumstances, and your advisoiy sentence must be based on these considerations.
In these proceedings it is not necessary that the advisory sentence of the jury be unanimous.
*1269 The fact that the determination of whether you recommend a sentence of death or sentence of life imprisonment in this case can be reached by a single ballot should not influence you to act hastily or without due regard to the gravity of these proceedings. Before you ballot you should carefully weigh, sift and consider the evidence, and all of it, realizing that human life is at stake, and bring to bear your best judgment in reaching your advisory sentence.
If a majority of the jury determine that (defendant) should be sentenced to death, your advisory sentence will be:
A majority of the jury, by a vote of_, advise and recommend to the court that it impose the death penalty upon (defendant).
t On the other hand, if by six or more votes the jury determines that (defendant) should not be sentenced to death, your advisory sentence will be:
The jury advises and recommends to the court that it impose a sentence of life imprisonment upon (defendant) without possibility of parole.
Note to Judge When the victim is-a law enforcement-officer, correctional officer, -state attorney, assistant state attorney, justice, or judge^eligibility for release” should-be inserted in place of-‘-possibiIity of parole.” — See F.S. 775.0823.
You will now retire to consider your recommendation. When you have reached an advisory sentence in conformity with these instructions, that form of recommendation should be signed by your foreperson and returned to the court.
DIALOGUE FOR POLLING THE JURY
Ladies and gentlemen of the jury, we are going to ask each of you individually concerning the advisory sentence. It is not necessary that you state how you personally voted, or how any other person voted, but only if the advisory sentence, as read, was correctly stated.
Note to Judge The following question is to be asked each juror if the recommendation is for the death penalty:
Do you, [Mr.] [Ms.]_, agree and confirm that a majority of the jury join in the advisory sentence that you have just heard read by the clerk?
The following question is to be asked each juror if the recommendation is for a life sentence:
Do you, [Mr.] [Ms.] , agree and confirm that at least six or more of the jury join in the advisory sentence that you have just heard read by the clerk?