PER CURIAM.
This matter is before the Court on our own motion to consider the criminal jury-instructions pertaining to the imposition of the death penalty. On an interim basis, we authorize for publication and use amended Standard Jury Instructions in Criminal Cases 7.11 (Preliminary Instructions in Penalty Proceedings—Capital Cases) and 7.12 (Dialogue for Polling the Jury (Death Penalty Case)). In addition, we propose, on our own motion, new instructions 3.12(e) (Jury Verdict Form—Death Penalty) and 7.11(a) (Final Instructions in Penalty Proceedings—Capital Cases).[1] We have jurisdiction. See art. V, § 2(a), Fla. Const.
In Hurst v. Florida (Hurst v. Florida), — U.S.—, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), the United States Supreme Court held a portion of Florida’s death penalty sentencing scheme unconstitutional because a jury was not required to find the facts necessary to impose a sentence of death. See id. at 619. On remand from the Supreme Court, in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), petition for cert. filed, No. 16-998 (U.S. Feb. 13, 2017), we held that “in addition to unanimously finding the existence of any aggravating factor, the jury must also unanimously find that the aggravating factors are sufficient for the imposition of death and unanimously find that the aggravating factors outweigh the mitigation before a sentence of death may be considered by the judge.” Id. at 54. We further held that a unanimous jury recommendation for death is required before a trial court may impose a sentence of death. Id. In response to Hurst, the Florida Legislature enacted chapter 2017-1, Laws of Florida, effective March 13, 2017. This legislation requires a jury' to unanimously determine that a defendant should be sentenced to death before a trial court may impose the death penalty.
In light of chapter 2017-1, Laws of Florida, and our decision in Hurst, we hereby authorize on an interim basis the publication and use of jury instructions 3.12(e), 7.11, 7.11(a), and 7.12, as set forth in the appendix to this opinion. Certain language that previously appeared in jury instruction 7.11, unrelated to the portion of Florida’s death penalty law that was deemed constitutionally problematic in Hurst v. Florida and Hurst—for example, the definitions of statutory aggravating factors— has been transferred to new instruction 7.11(a) without any substantive changes. In adopting these interim instructions, we express no opinion on their correctness and further note that this authorization forecloses neither requesting additional or alternative instructions, nor contesting the legal correctness of the instructions. New language is indicated by underlining, and deleted language is struck through. These interim instructions are authorized for use immediately and until further order of the Court.
We seek comments and suggestions on the interim instructions from the Committee, specifically with regard to those changes that are based upon chapter 2017- *1237 1, Laws of Florida, and Hurst. We further invite comments from any other interested persons regarding these specific aspects of the interim instructions. All comments shall be filed with the Court no later than forty-five days from the date of this opinion.[2]
It is so ordered.
LABARGA, C.J., and PARIENTE, LEWIS, and QUINCE, JJ., concur.
PARIENTE, J., concurs with an opinion.
LAWSON, J., concurs specially with an opinion.
POLSTON, J., dissents with an opinion, in which CANADY, J., concurs.

. The amendments and the new jury instructions are based upon proposals that, while not previously filed with the Court, were published by the Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee). We take this opportunity to thank the Committee for its dedication to this significant undertaking.

. All comments must be filed with the Court on or before May 29, 2017, with a certificate of service verifying that a copy has been served on the Criminal Jury Instructions Committee Chair, The Honorable F. Rand Wallis, c/o Bart Schneider, Office of the General Counsel, 500 S. Duval Street, Tallahassee, Florida 32399-1925, schneidb@flcourts. org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee has until June 28, 2017, to file a response to any comments filed with the Court, as well as to propose any suggested modifications deemed appropriate and necessary. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re: Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.